<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY a/s/o MANUEL L. PEREIRA, and MANUEL L. PEREIRA individually, | : : : : | Hon. Stanley R. Chesler Civil Action No. 10-959 |
| Plaintiffs, | : : |  |
| v. | : : | **OPINION** |
| ADT SECURITY SERVICES, INC. et. al., | : : : |  |
| Defendants. | : : |  |

**<u>CHESLER, U.S.D.J.</u>**

This matter comes before this Court on the motion to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Defendant ADT Security Services, Inc. ("ADT.")  For the reasons set forth below, Defendants' motion to dismiss will be granted.

## **BACKGROUND**

This case arises out of a dispute concerning a fire at a residence at which, Plaintiff alleges, ADT installed a fire alarm. The Amended Complaint alleges that, on November 23, 2008, a fire occurred at the residence of Plaintiff Manuel L. Pereira ("Pereira.") On December 15, 2009, Plaintiffs State Farm Fire and Casualty Company a/s/o Manuel L. Pereira and Manuel L. Pereira individually (collectively, "Plaintiffs") filed a complaint in the Superior Court of New Jersey. On February 23, 2010, ADT removed the action to this Court. On May 12, 2010, on

consent, Plaintiffs filed the Amended Complaint, which asserts four claims: 1) negligence; 2) breach of contract; 3) strict product liability; and 4) violation of New Jersey's Consumer Fraud Act ("NJCFA"). On May 21, 2010, ADT filed the instant motion to dismiss the Amended Complaint.

## ANALYSIS

**I.   Governing Legal Standards**

    A.   Standard for a Rule 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

> Factual allegations must be well-pleaded to give rise to an entitlement to relief:
>
> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "When a plaintiff does not seek leave to amend a deficient complaint after a

defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## II.     Defendants' 12(b)(6) motion to dismiss

Defendants move to dismiss the Amended Complaint on several grounds. Because this Court finds that all of Plaintiffs' claims are contractually barred, it need not reach the remaining grounds asserted by Defendants.

Defendants contend that all of Plaintiffs' claims are barred by provisions in the contract executed by Pereira and ADT. Specifically, Defendants point to two provisions: 1) the provision requiring that any legal action be filed within one year of the date of liability; and 2) the provision waiving Pereira's rights arising through subrogation. Although Plaintiffs did not attach the contract to the Amended Complaint, the Amended Complaint both refers to the contract and relies upon it as the basis for the claim for breach of contract. (Am. Compl. Count 2 ¶ 2.) Documents that are not attached to a complaint, but which are "explicitly relied upon by the [] complaint," may be considered without converting a motion to dismiss to a motion for summary judgment. Winer Family Trust v. Queen, 503 F.3d 319, 328 (3d Cir. 2007). Plaintiffs have raised no dispute about the existence of the contract nor the authenticity of the document offered by ADT. Nor do Plaintiffs dispute that this lawsuit was filed after the expiration of the contractual limitation period of one year.

Plaintiffs argue that this suit is not contractually barred because the contract is unenforceable under New Jersey law. This argument relies on two basic principles of New Jersey law: 1) "a contract is [] unenforceable where it is held to be contrary to public policy,"

4

Manning Engineering, Inc. v. Hudson County Park Com., 74 N.J. 113, 138 (1977); and 2) the New Jersey Consumer Fraud Act is evidence of New Jersey's strong public policy in favor of the protection of consumers, see Levin v. Lewis, 179 N.J. Super. 193, 200 (N.J. Super. Ct. App. Div. 1981). Plaintiffs' position was expressed well by one New Jersey trial court: "To enforce contracts which violate or were obtained by practices which violate important regulatory statutes enacted for the benefit of consumers would be clearly contrary to public policy and the authority of the Legislature." Scott v. Mayflower Home Imp. Corp., 363 N.J. Super. 145, 160 (N.J. Super. Ct. Law Div. 2001).

      The problem for Plaintiffs is that the Amended Complaint does not allege that the contract either itself violates the NJCFA, or that it was obtained by practices which violate the NJCFA. Rather, Plaintiffs allege that ADT installed the alarm system without having obtained the necessary permits, a violation of the NJCFA pursuant to Cox v. Sears Roebuck & Co., 138 N.J. 2, 20 (1994). Thus, Plaintiffs have alleged only that ADT violated the NJCFA in its execution of the contract, not that the contract itself violates the NJCFA or that the contract was procured by practices which violate the NJCFA. Plaintiffs have cited no law which would support finding that this contract is unenforceable, as against public policy, because a NJCFA violation occurred in its execution. As strong as New Jersey's public policy in favor of the protection of consumers might be, it would be an extreme measure – draconian, really – if no business could enforce an otherwise valid contract if that business committed any violation of the NJCFA when performing under the contract. It appears that New Jersey law requires, at a minimum, some tie between the NJCFA violation and the formation of the contract; no such tie has been alleged here.

This Court thus finds that the contractual limitation of action and anti-subrogation provisions are valid and enforceable. Because Plaintiffs do not assert that any claims in this case lie outside the scope of the limitation of action provision, and because this case was filed after the expiration of the one-year period allowed for the filing of suits, this case is time-barred. In addition, the anti-subrogation provision bars the insurer from pursuing any claims as subrogee. Because Defendants have demonstrated that the Amended Complaint is time-barred, the Amended Complaint fails to state a valid claim for relief. Defendants' motion to dismiss will be granted. Because amendment of the Amended Complaint is futile – no amendment can remedy this defect – the Amended Complaint will be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6), is granted, and the Amended Complaint is dismissed with prejudice.

    /s Stanley R. Chesler
STANLEY R. CHESLER. U.S.D.J.

Dated: July 21, 2010